ENOCH DUNN, Appellant, v. CALVIN F. SANDERS, Respondent.

**St. Louis Court of Appeals, March 22, 1892.**

**Issuing Marriage License to Minor:** CIVIL LIABILITY OF RECORDER: CONSTRUCTION OF PENAL STATUTE. Statutes of a penal character are construed strictly. *Held*, accordingly, that section 6851, chapter 108. of the Revised Statutes of 1889, does not subject a recorder to any civil liability for issuing a marriage license to a minor contrary to the provisions of said chapter.

*Appeal from the Scotland Circuit Court.*—HON. BEN. E. TURNER, Judge.

AFFIRMED.

*J. D. Smoot*, for appellant.

The statute does give an action against defendant for a penalty for wrongfully issuing a marriage license to plaintiff's minor daughter. R. S. 1889, sec. 6851. The civil remedy given in said section is penal in its nature and a part of the punishment within the meaning of said section. Sutherland on Statutory Construction, sec. 257.

No brief filed for respondent.

THOMPSON, J.—In this case the circuit court sustained a demurrer to the following petition, and the only question presented by the record is whether the petition states a cause of action :

"This plaintiff states that, on the seventh day of November, A. D. 1890, he was the father and natural guardian of Clary Elizabeth Dunn, then aged fourteen years old past ; that at that time she was under the age of fifteen years, and living with this plaintiff in Scotland county ; that, on said day and date, one M. Tague applied to and procured from the defendant, who was then the circuit clerk of Scotland county, Missouri, having been duly elected and qualified, and by virtue of his office as clerk was recorder of said county, and had authority and by law was invested with power to issue marriage licenses ; that, on said day and date, said defendant wrongfully did issue to said M. Tague and said minor daughter of plaintiff a license to be married, without the consent and against the will of this plaintiff ; that, by virtue of the authority of said license, said M. Tague and said minor daughter of plaintiff were to each other married ; that plaintiff was, and is, greatly injured and damaged, to-wit : In the sum of $500, for which he prays judgment and for costs of suit.'"

No right of action is claimed by the plaintiff, except under the provisions of section 6851 of the Revised Statutes. The petition cannot be sustained as a petition in a common-law action for enticing away the plaintiff's *servant;* it nowhere alleged that she is his servant. The statute reads as follows : "Any person who shall solemnize any marriage, wherein the parties have not obtained a license, as provided by this chapter, or shall fail to keep a record of the solemnization of any marriage, shall be deemed guilty of a misdemeanor, and, upon conviction, shall be fined not exceeding $500, and in addition shall be subject to a civil action by the parent, guardian or other person having care or custody of the person so married, to whom services are due,

wherein the recovery shall not exceed the sum of $500 ; and any recorder who shall issue a license contrary to the provisions of this chapter shall be subject to a like punishment." R. S., sec. 6851.

When it is recollected that statutes which are penal in their character are construed strictly, there is an end to argument on this question. The statute says that " any recorder who shall issue a license contrary to the provisions of this chapter shall be subject *to a like punishment;* " it nowhere says that he shall be subject *to a like civil action.* The judgment of the circuit court is affirmed. All the judges concur.